**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DIRECTV, Inc.,                          :
                                        :
        **Plaintiff**                :
                                        :        **3:03-CV-072**
   **v.**                             :
                                        :        **(JUDGE VANASKIE)**
WILLIAM WALSH,                          :
                                        :
        **Defendant**               :

**MEMORANDUM**

Before the Court is Plaintiff DIRECTV, Inc.'s ("DIRECTV"), Motion for Attorney's Fees and Taxable and Non-Taxable Costs.  (Dkt. Entry 86.)  DIRECTV filed the instant motion following a judgment in its favor and against Defendant William Walsh on its claims brought pursuant to 47 U.S.C. § 605(a); 18 U.S.C. § 2511(1)(a); and 18 PA. CONS. STAT. ANN. § 910(a).  As the prevailing party, DIRECTV may seek its attorney's fees and costs.  For the reasons that follow, DIRECTV's motion will be granted in part and denied in part.

**I. BACKGROUND**

DIRECTV commenced this action on January 13, 2003, by filing a complaint naming Sally Lombardo, Nicholas W. Knepper, Leonard Stroh, and Mr. Walsh as Defendants.  (Dkt. Entry 1.)  DIRECTV secured a default judgment against Mr. Knepper and settled the claims against Ms. Lombardo and Mr. Stroh, leaving Mr. Walsh as the sole Defendant.  Following a non-jury trial on August 30, 2004, the Court concluded that DIRECTV had proven by a

preponderance of the evidence that Mr. Walsh unlawfully intercepted its decrypted signal in violation of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), and that Mr. Walsh was in possession of an "unlawful telecommunication device" in violation of 18 PA. CONS. STAT. ANN. § 910(a).  (See Memorandum and Order of August 16, 2005, Dkt. Entry 80.)  The Court awarded DIRECTV statutory damages of $1,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II), and $250.00 under 18 PA. CONS. STAT. ANN. § 910(d.1)(2), but declined to award damages under 18 U.S.C. § 2520(c).  As the prevailing party, DIRECTV filed the instant motion for attorney's fees and costs.  (Dkt. Entry 86.)

DIRECTV retained the legal services of Peter V. Marcoline, Jr., who served as local counsel, and the law firm of Greer, Herz & Adams, L.L.P. ("GHA"), of Texas.  In the motion, DIRECTV seeks an award of $43,663.98[1] in attorney's fees and $10,375.03 for costs (taxable and non-taxable) and expenses for a total of $54,039.01.  (Motion for Attorney's Fees and Taxable and Nontaxable Costs, Dkt. Entry 86, at 7.)  Both Mr. Marcoline and GHA submitted documentation in support of the motion.  Mr. Walsh objects to the amount sought by DIRECTV on the basis that some of the billing entries include work for additional Defendants; that the

---

[1]DIRECTV's motion requested $44,044.48 in attorney's fees, but the Court's review of Mr. Marcoline's invoices revealed two miscalculations equaling $380.50.  First, the invoice of September 26, 2003, calculates the amount of legal fees based upon 8.73 hours when there were only 8.7 hours.  (See Ex. 1-e, Dkt. Entry 86.)  Second, the invoice of February 23, 2004, calculates legal fees of $2,140.00 based upon 11.7 hours.  (See Ex. 1-f, Dkt. Entry 86.)  In fact, the invoice reflects 1 hour at $175.00 per hour; 6.6 hours at $200.00 per hour; and 4.15 hours at $65.00 per hour, for a total of $1,764.75 in legal fees.

2

number of attorney hours devoted to the case was excessive, redundant, and unnecessary; and insufficient specificity.  (See generally Defendant's Brief in Opposition to Motion for Attorney's Fees and Taxable and Non-taxable Costs, Dkt. Entry 88.)

## II. DISCUSSION

A prevailing party in an action brought under 47 U.S.C. § 605(a); 18 U.S.C. § 2511(1)(a); and/or 18 PA. CONS. STAT. ANN. § 910(a) is or may be entitled to an award of attorney's fees and costs.  Where a plaintiff prevails on a claim under 47 U.S.C. § 605(a), the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U..S.C. § 605(e)(3)(B)(iii) (emphasis added).  Attorney's fees and costs are available for a party who prevails under 18 U.S.C. § 2511(1)(a) and 18 PA. CONS. STAT. ANN. § 910(a), although the award is discretionary with the court.  See 18 U.S.C. § 2520(a)(an aggrieved party "may in a civil action recover . . . such relief as may be appropriate") (emphasis added); id. § 2520(b)(3) ("appropriate relief includes . . . a reasonable attorney's fee and other litigation costs reasonably incurred"); 18 PA. CONS. STAT. ANN. § 910(d)(2)(iv) ("The court may . . . in its discretion, award reasonable attorney fees and costs . . . to an aggrieved party who prevails[.]") (emphasis added).  Since the Court has entered judgment in DIRECTV's favor on its claim under 47 U.S.C. § 605(a), an award of attorney fees and costs is mandatory.  Because DIRECTV is entitled to attorney's fees and costs under 47 U..S.C. § 605(e)(3)(B)(iii), the Court will deny DIRECTV's motion to the extent it seeks

3

attorney's fees and costs under 18 U.S.C. § 2520(b)(3) and 18 PA. CONS. STAT. ANN. § 910(d)(2)(iv).

### A. Attorney's Fees

Though the Court must award attorney's fees to DIRECTV, that award is limited to reasonable attorney fees.  The Third Circuit has never directly addressed the issue of attorney fees under § 605(e)(3)(B)(iii), but it has provided guidance on awarding reasonable fees in general.  See Public Interest Group of New Jersey, Inc. v. Windall, 51 F.3d 1179 (3d Cir. 1995). In Windall, the successful plaintiff in an action brought under the Clean Water Act sought an award of attorneys' fees under 33 U.S.C. § 1365(d).  "[A] reasonable fee is one which is 'adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys.'" Id. at 1185 (quoting Student Public Interest Research Group of New Jersey, Inc. v. AT & T Bell Laboratories, 842 F.2d 1436, 1448 (3d Cir. 1988)).  Relying upon the Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424 (1983), the court recognized that reasonable fees are "the product of the hours reasonably expended and the applicable hourly rate for the legal services."  Id. (citing Hensley, 461 U.S. at 433).  This product, known as the "lodestar," is only the beginning of the Court's analysis because, after its determination, the Court's discretion is activated and it may adjust the fee for a variety of reasons, most notably "the 'results obtained'

by the plaintiff."[2]  Id. (citing Hensley, 461 U.S. at 434).  The lodestar method has been utilized

by other courts in awarding attorney fees under 47 U.S.C. § 605(e)(3)(B)(iii).  See, e.g.,

Kingvision Pay-Per-View Ltd. v. Lalaleo, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006); DIRECTV,

Inc. v. Arnold, 392 F. Supp. 2d 415, 418 (N.D.N.Y. 2005); DIRECTV, Inc. v. Atwal, No. Civ S

032499WBSDAD, 2005 WL 1388649, at *2 (E.D. Cal. June 8, 2005); Cablevision Systems New

York City Corp. v. Landron, No. 02-CV-2957 (LAK), 2003 WL 430347, at *3 (S.D.N.Y. Jan. 21,

2003).

### 1. Applicable Hourly Rate

The first step in determining the lodestar is the applicable hourly rate.  The starting point

is the attorney's usual billing rate, although this is not always dispositive as the courts are

advised to calculate the rate "'according to the prevailing market rates in the relevant

community.'" Windall, 51 F.3d at 1185-86 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984));

see also Sheffer v. Experian Information Solutions, Inc., 290 F. Supp. 2d 538, 543-44 (E.D. Pa.

2003).  In its supporting documentation accompanying its motion, DIRECTV's attorneys and

paralegals charged the following hourly rates:

Peter V. Marcoline, Jr.          $175.00 (Jan. 9, 2003, to Oct. 13, 2003)
                                 $200.00 (Oct. 23, 2003, to the present)

---

[2]It is essential that a lodestar be determined before the Court exercises its discretion to make adjustments.  Windall, 51 F.3d at 1190; see also Pennsylvania Environmental Defense Foundation v. Canon-McMillan School District, 152 F.3d 228, 232 (3d Cir. 1998).

| | |
|---|---|
| Charles Phillips | $65.00 |
| Alexa Luchak (GHA) | $150.00 (Sept. 24, 2003, to Oct. 1, 2003)<br>$165.00 (Apr. 26, 2004, to the present) |
| Andrew J. Mytelka (GHA) | $250.00 |
| John W. Pecore (GHA) | $180.00 |
| Joseph R. Russo (GHA) | $195.00 |
| Joseph A. C. Fulcher (GHA) | $250.00 |
| Janet L. Rushing (GHA) | $250.00 |
| LuAnn Millican (GHA) | $90.00 |
| S.D.W. (GHA) | $90.00 |
| Richard W. Hunter (GHA) | $90.00 |

(Ex. 1, Dkt. Entry 86, at 2; Ex. 2, Dkt. Entry 86, at 2, 20.)  Neither Mr. Marcoline nor GHA, however, refers to the prevailing market rate for similar services by lawyers of reasonably comparable skills, experience, or reputation within the Middle District of Pennsylvania.  Mr. Marcoline relies upon an award of attorney fees in another case to support his position that his hourly rates of $175.00 and $200.00 are reasonable.  (See DIRECTV's Reply Brief to Defendant's Brief in Opposition to Motion for Attorneys Fees and Taxable and Non-taxable Costs, Dkt. Entry 89, at 3-4 (citing Memorandum and Order of July 15, 2004, DIRECTV, Inc., v. Malizia, No. 4:03-CV-074 (M.D. Pa.), Dkt. Entry 73, at 15-16).)   Mr. Walsh has not objected to the reasonableness of Mr. Marcoline's rate.  As such, the Court finds that $175.00 to $200.00

per hour is a reasonable rate for comparable services within the Middle District of Pennsylvania.  The Court also finds that $65.00 per hour for paralegal services is also reasonable within this market.

GHA, however, has not made an effort to justify its rates for attorneys in excess of $200.00, nor paralegal fees in excess of $65.00.  Consequently, for the purpose of calculating the lodestar, the applicable hourly rates for attorney and paralegal services will be capped at $200.00 and $65.00, respectively.

### 2. Time Reasonably Expended

The next step in calculating the lodestar is determining the time reasonably expended by each attorney and paralegal in conducting the litigation.  Windall, 51 F.3d at 1188.  The Court is obligated "to review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described[,] and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"  Id. (quoting Hensley, 461 U.S. at 434).  Our Court of Appeals has admonished the district courts to undertake a "thorough and searching analysis" and that "it is necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request."  Evans v. Port Authority of New York and New Jersey, 273 F.3d 346, 362 (3d Cir. 2001).  Therefore, the Court will examine the work of each attorney and paralegal separately.

### a) Peter V. Marcoline, Jr.

Mr. Marcoline, local counsel for DIRECTV, was extensively involved since the commencement of this action.  He handled most of the pretrial proceedings.  The invoices submitted with the motion disclose that Mr. Marcoline billed DIRECTV for a total of 60.30 hours (18.95 hours at $175.00, and 41.35 hours at $200.00).  (See Exs. 1-b to 1-j, Dkt. Entry 86.) The review of Mr. Marcoline's billing invoices convinces the Court that most of the hours were reasonably expended for this litigation.  Mr. Marcoline prepared and filed the complaint and prepared and moved for default judgment against several of the defendants, including Mr. Walsh.  (Ex. 1-b, Dkt. Entry 86, at 1; Ex. 1-c, Dkt. Entry 86, at 1.)   Mr. Marcoline prepared and served discovery requests upon Mr. Walsh, reviewed discovery, and expended several hours in an effort to compel Mr. Walsh's responses to DIRECTV's discovery requests.  (See Ex.1-d, Dkt. Entry 86, Ex. 1-e, Dkt. Entry 86; Ex. 1-f, Dkt. Entry 86, at 1-f, at 1-2.)  Mr. Marcoline also prepared and briefed DIRECTV's motion for judgment on the pleadings; communicated regularly with GHA to keep the firm apprised of developments in the case; conferred with witnesses, Mr. Walsh's attorney, and the Court; prepared for trial; and attended the pretrial conference and trial as local counsel.  (See Exs. 1-f to 1-j, Dkt. Entry 86.)

Overall, Mr. Marcoline's hours were reasonable.  However, Mr. Walsh argues that some of Mr. Marcoline's time relates to other Defendants in addition to Mr. Walsh.  This action was originally filed against four defendants.  (See Complaint, Dkt. Entry 1.)  There are billing entries that clearly concern work that involved the other Defendants.  The entries for January 9, 2003,

8

and January 13, 2003, for 1 and .25 hours, respectively, relate to the preparation and filing of the complaint in this action.  (See Ex. 1.b, Dkt. Entry 86, at 1.)  On March 10, 2003, Mr. Marcoline prepared returns of service as to all four defendants and billed .50 hours.  (See Ex. 1-c, Dkt. Entry 86, at 1.)  On March 10, 2003, Mr. Marcoline prepared and filed requests for default judgment against three defendants, including Mr. Walsh, and billed DIRECTV 1.5 hours.  (Id.)  On July 23, 2003, Mr. Marcoline prepared the joint case management plan and billed 1.5 hours.  (See Ex.1-e, Dkt. Entry 86, at 2.)  At the time, Ms. Lombardo and Mr. Walsh were Defendants.  Finally, on August 21, 2003, Mr. Marcoline participated in the case management conference with the attorneys for Ms. Lombardo and Mr. Walsh, billing for .5 hours.  (See Ex. 1-e, Dkt. Entry 86, at 3.)  The entry includes the following notation: "discuss settlement of Lombardo case with Judge Caputo; atty Toole [Ms. Lombardo's counsel] at conclusion of conference."  (Id.)  Mr. Walsh should not have to bear the full burden of these common expenditures, although dividing the expenses mathematically is not appropriate either.  See Sheffer, 290 F. Supp. 2d at 545.  As such, Mr. Walsh will be charged for two hours of this time.[3]

Based upon our review of Mr. Marcoline's billing invoices, the Court will reduce the

---

[3]Mr. Walsh has raised additional challenges on the basis that the work performed involved the other Defendants.  Mr. Walsh argues his challenge is supported by the fact that the invoices have the caption DIRECTV v. Lombardo.  However, the entries Mr. Walsh contests are dated after October 17, 2003, when Mr. Walsh was the only Defendant.  Furthermore, the use of the DIRECTV v. Lombardo caption is merely clerical and does not support Mr. Walsh's challenge.

amount of hours chargeable against Mr. Walsh to 57.05 (or 15.70 hours at $175.00 and 41.35 hours at $200.00).  This amount represents a reasonable expenditure of hours in this litigation.

### b) Charles Phillips

Charles Phillips worked with Mr. Marcoline as a paralegal.  Mr. Phillips, whose involvement in this matter began in December 2003, performed 11.1 hours of work in this case. (See Exs. 1-f to 1-h, & 1-j, Dkt. Entry 86.)  Mr. Phillips reviewed court orders, gathered materials necessary to draft motions, researched legal issues, sent documents to GHA and to others, and performed other tasks in which an attorney's involvement would be unnecessary and unreasonable.  (See, e.g., Ex. 1-f, Dkt. Entry 86, at 2-3; Exs. 1-g to 1-h, 1-j, Dkt. Entry 86.) These entries were not duplicative of work performed by Mr. Marcoline or GHA and, with three exceptions, ranged in time from .1 to .5 hours.  Therefore, the Court concludes that all 11.1 hours were reasonably expended.

### c) Alexa Luchak

Ms. Luchak is an attorney with GHA, who handled most of the trial preparation for GHA and communicated regularly with Mr. Marcoline.  Ms. Luchak billed DIRECTV for 87.5 hours (1.5 hours at $150.00 per hour; 86 hours at $165.00 per hour).  (See Ex.2, Dkt. Entry 86, at 7-8, 19-34.)  Of those 87.5 hours, Ms. Luchak devoted 48.8 hours to trial preparation and 10.0 hours preparing exclusively for the pre-trial conference.  (See id. at 20-29, 33-34.)  However, the trial itself – a non-jury trial – lasted approximately two hours (see Minute Sheet for Non-jury

Trial of August 31, 2004, Dkt. Entry 77), and DIRECTV presented the testimony of only two witness.  The issues presented were not complex.  Moreover, because of Mr. Walsh's earlier failure to comply with discovery requests, he was barred from opposing DIRECTV's claims.  (See Order of Court of November 4, 2003, Dkt. Entry 45.)  Mr. Walsh argues that this time is excessive.  (See Defendant's Brief in Opposition to Motion for Attorney's Fees and Taxable and Non-taxable Costs, Dkt. Entry 88, at 6.)  In the Court's judgment, 48.8 hours for trial preparation and 10.0 hours to prepare for a pretrial conference is "excessive, redundant, [and] otherwise unnecessary," particularly when Ms. Luchak did not even try the case.  Moreover, the lack of specificity beyond merely describing the work as "trial preparation" hinders the Court's ability to determine the reasonableness of the hours.  Based upon the nature and circumstances of the case, as well as the issues involved, the Court concludes that 25 hours is reasonable for trial preparation and the pretrial conference..

In addition to preparation for the trial and the pretrial conference, Ms. Luchak also conferred regularly with Mr. Marcoline, and prepared and reviewed expert reports.  In addition to Andrew J. Mytelka, Ms. Luchak attended the final pretrial conference.  (See, e.g., id. at 7-8, 20, 27, 29-30.)  Although there are numerous entries for phone conferences with Mr. Marcoline, the length of the conferences is not excessive, and the conferences were necessary given the geographical distance between GHA and local counsel.

Mr. Walsh contends the participation of multiple attorneys at the pretrial conference was

"wasteful."  (See Defendant's Brief in Opposition to Motion for Attorney's Fees and Taxable and Non-taxable Costs, Dkt. Entry 88, at 6.)  Because it was not imperative that Ms. Luchak and Mr. Mytelka both attend the pretrial conference, the Court will deduct 30.1 hours of Ms. time, and will only included Mr. Mytelka's hours.  Accordingly, the Court concludes that Ms. Luchak reasonably expended 23.6 hours in this case (1.5 hours at $150.00 per hour; 22.1 hours at $165.00 per hour).

### d) Andrew J. Mytelka

Andrew J. Mytelka is an attorney with GHA and was responsible for actually trying the case.  Mr. Mytelka billed DIRECTV 43.8 hours.  (See id. at 21, 24, 26, 31, 33, 35.)  Mr. Mytelka's billing entries reveal that he conferred with Ms. Luchak and Mr. Marcoline; attended the pretrial conference with Ms. Luchak; prepared for trial; conferred with witnesses; and tried the case on August 30, 2004.  (See, e.g., id. at 21, 24, 31, 33, 35.)  Mr. Mytelka's time also includes travel to and from Scranton, Pennsylvania, for the pretrial conference and the trial.  (Id. at 31, 35.)

The Court concludes most of Mr. Mytelka's hours were reasonably expended in this litigation.  Unlike Ms. Luchak, Mr. Mytelka's preparation for the pretrial conference and trial was not excessive or redundant; he only billed 6.5, .5, 2.0, and 3.0 hours, respectively, for these entries.  (See id. at 31, 33, 35.)  His presence at the final pretrial conference was required. Accordingly, the lodestar will include the 43.8 hours he expended for this case.

### e) John W. Pecore

John W. Pecore is an attorney with GHA and billed DIRECTV for 21.9 hours of work for this case.  (See Ex.2, Dkt. Entry 86, at 22-25, 28-29.)  Mr. Pecore's primary responsibility was the preparation of DIRECTV''s trial briefs, including research therefor, regarding certain evidentiary issues like the admissibility of websites and the presumptive use of a pirating device.  (See, e.g., id. at 23-25, 28-29.)  Mr. Pecore also conferred with Ms. Luchak regarding the trial briefs on several occasions.  (See id. at 22, 28-28.)  The research and the resulting briefs, however, were unnecessary to the case.  As stated earlier, Mr. Walsh was precluded from opposing DIRECTV's claims as a sanction for his noncompliance with a court order compelling him to respond to discovery requests.  There was no need for extensive research or briefing on these evidentiary issues, and the conferences with Ms. Luchak to discuss these issues were unnecessary as well.  Therefore, the 21.9 hours of work is excessive and unnecessary and will be excluded from the lodestar.

### f) Joseph R. Russo

Joseph R. Russo is an attorney with GHA and billed DIRECTV for 3.1 hours of work in connection with this case.  (See id. at 25, 29, 33.)  Mr. Russo's entries disclose his involvement was limited to preparing affidavits from Madvig and Hizon; preparing questions for Green; conferring with DIRECTV's expert, Mr. Barr; and conferring with Ms. Luchak and Mr. Marcoline. (Id.)  The affidavits were part of exhibits used at trial, and Mr Barr testified as an expert witness.

13

Mr. Russo's hours were reasonably expended in this litigation and will be included in the lodestar calculation.

### g) Joseph A.C. Fulcher

Joseph A.C. Fulcher is an attorney with GHA and billed DIRECTV for 1.5 hours of work in this case.  (See id. at 23, 26.)  Mr. Fulcher's involvement was limited to sending multiple emails to John Green, Ms. Luchak, and Mr. Mytelka, and having a phone conference with Ms. Luchak.  (Id.)  DIRECTV has not justified Mr. Fulcher's involvement.  As such, the Court concludes Mr. Fulcher's hours were unnecessary to this case and will be excluded from the lodestar calculation.

### h) Janet L. Rushing

Janet L. Rushing is an attorney with GHA and billed DIRECTV for .4 hours of work in this case.  (See id. at 20, 33.)  Ms. Rushing's entries disclose that she reviewed emails, a "notice of trial setting request," and attended a conference regarding discovery and trial matters.  (Id.)  Like Mr. Fulcher, DIRECTV does not attempt to justify Ms. Rushing's involvement and, therefore, her hours will be excluded from the lodestar calculation.

### I) LuAnn Millican

LuAnn Millican is a paralegal with GHA and billed DIRECTV for 9.0 hours of work in this case.  (See id. at 23, 30.)  Ms. Millican prepared the trial exhibit notebook and the demonstrative exhibits for Mr. Mytelka.  (Id.)  The Court concludes her hours were reasonably

expended in this case and will be included in the lodestar calculation.

### j) S.D.W.

A paralegal with GHA, known only as S.D.W., billed DIRECTV for .4 hours of work in this case.  (See id. at 20.)  The single billing entry states: "PA Internet research, ecollect, search for STMS account on Walsh and forward results to [Ms. Lucahk]."  (Id.)  It is not apparent how this work was useful or even necessary to the litigation; consequently, the hours will be excluded from the lodestar calculation.

### k) Richard W. Hunter

Richard W. Hunter is a paralegal with GHA and billed DIRECTV for .25 hours of work in this case.  (See id. at 8.)  The single billing entry states: "Walsh – updated database for disclosure sent to defendant."  (Id.)  Like S.D.W., it is not apparent how this work was necessary to this case and, as such, the hours will be excluded from the lodestar determination.

### 3. Lodestar Calculation

Now that the applicable hourly rate and the hours reasonably expended has been determined, the lodestar can be calculated.  The calculation is illustrated by the following chart:

| Attorney/Paralegal | Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Peter V. Marcoline, Jr. | 15.70 | $175.00 | $2,747.50 |
|  | 41.35 | $200.00 | $8,270.00 |
| Charles Phillips | 11.1 | $65.00 | $721.50 |

|  |  |  | **Total** | $11,739.00 |
|---|---|---|---|---|
| Alexa Luchak | 1.5 | $150.00 | $225.00 | |
| | 22.1 | $165.00 | $3,646.50 | |
| Andrew J. Mytelka | 43.8 | $200.00 | $8,760.00 | |
| John W. Pecore | 0.0 | $180.00 | $0.00 | |
| Joseph. R. Russo | 3.1 | $195.00 | $604.50 | |
| Joseph A.C. Fulcher | 0.0 | $200.00 | $0.00 | |
| Janet L. Rushing | 0.0 | $200.00 | $0.00 | |
| LuAnn Millican | 9.0 | $65.00 | $585.00 | |
| S.D.W. | 0.0 | $65.00 | $0.00 | |
| Richard W. Hunter | 0.0 | $65.00 | $0.00 | |
|  |  | **Total** | $13,821.00 | |
|  |  | **Grand Total** | **$25,560.00** | |

### 4. Adjustments to the Lodestar

With the lodestar figure of $28,476.50, the Court must now determine whether an adjustment to the lodestar is warranted.  Mr. Walsh argues that, given the limited success on the issue of damages and modest amount awarded to DIRECTV ($1,250.00), the Court should reduce the lodestar to account for the degree of success obtained by DIRECTV's counsel. (See Defendant's Brief in Opposition to Motion for Attorney's Fees and Taxable and Non-

taxable Costs, Dkt. Entry 88, at 4, 6-7.)  DIRECTV acknowledges this fact, but contends that the expenses are high because of Mr. Walsh's own conduct in failing to cooperate in discovery and refusing to settle the case.  (See DIRECTV's Brief in Support of Motion for Attorney's Fees and Taxable and Non-taxable Costs, Dkt. Entry 87, at 9-10.)  Additionally, DIRECTV argues that its fee request is justified because of the high costs associated with its anti-piracy efforts. (Id. at 10-12.)

"The lodestar is presumed to be the reasonable fee [but] the district court has the discretion to make certain adjustments to the lodestar." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party seeking an adjustment must prove why the adjustment is necessary.  Id.  The Court has discretion to adjust the lodestar downward where the lodestar "is not reasonable in light of the results obtained."  Id.  "This adjustment should be taken independently of the other adjustments and should be the first adjustment applied to the lodestar."  Id.; see also Windall, 51 F.3d at 1185 ("The most important factor in exercising this discretion is the 'results obtained' by the plaintiff.").

Although a common basis to make a downward adjustment to the lodestar is to account "for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of successful claims," Rode, 892 F.2d at 1183, the Court may also properly consider the amount of damages actually awarded to the prevailing party, Farrar v. Hobby, 506 U.S. 103, 114 (1992).  In Farrar, the plaintiff brought an action under 42 U.S.C. § 1983 alleging he was

17

deprived of his liberty and property without due process of law.  The Court concluded that

plaintiff was a prevailing party eligible to recover attorney's fees, even though he was awarded

only nominal damages due to his failure to prove actual injury.  Id. at 112.  That conclusion,

however, did not necessarily entitle the plaintiff to recover attorney's fees, and the Supreme

Court chastised the district court for awarding fees "without engaging in any measured exercise

of discretion."  Id. at 114.  In awarding fees, the court has a responsibility to consider the

amount of damages obtained versus the amount of damages sought.  Id.  "When a plaintiff

recovers only nominal damages because of his failure to prove an essential element of his

claim for monetary relief, the only reasonable fee is usually no fee at all."  Id. at 115 (internal

citation omitted).  As such, the Court affirmed the judgment of the court of appeals reversing

the district court's fee award.

Although Farrar was a civil rights case arising under 42 U.S.C. § 1983, it underscores

the duty of the Court to closely scrutinize a requested fee award in relation to the results

obtained.  Under the circumstances of this case, the Court concludes a downward adjustment

to the lodestar figure is warranted.  Even though the lodestar figure – $25,560 – is substantially

reduced from the $43,663.98 initially requested by DIRECTV, that amount is still unreasonable

in light of the results obtained.  DIRECTV sought statutory damages of $10,000 for each claim,

or $30,000.00.  However, the Court only awarded $1,250 in damages because DIRECTV failed

to prove its entitlement to any amounts beyond the statutory minimum.  Indeed, this was a case

in which, unlike others over which I have presided, involved only a single device and a very limited time of possible piracy.  The provable damages were limited, and DIRECTV should have been aware of this.  It is no answer that Defendant could have avoided the consequences of an attorneys' fee award by settling the case when there is nothing to indicate that DIRECTV was interested in resolving the matter for $1,250.00.  This case was not complicated, and it was made easier for DIRECTV by the Order precluding Mr. Walsh from opposing DIRECTV's claims.  Under the circumstances, an award of attorney's fees of $25,560 is unreasonable and must be reduced.  On the other hand, proving piracy is a complicated matter, and a party that engages in satellite signal theft, such as Mr. Walsh, must be made to pay the reasonable counsel fees necessary to protect DIRECTV's substantial investment and property interests, and such a fee may undoubtedly exceed the amount of provable harm caused by an individual Defendant.

The question now is the amount of the downward adjustment.  In this regard, the Court may take another look at the billing invoices, excising additional entries, or simply award a lump sum.  See Texas State Teachers Ass'n v. Garland Independent School District, 489 U.S. 782, 789-90 (1989) ("[T]he district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff."); Sheffer, 290 F. Supp. 2d at 551.  The latter approach is preferable.  Given the limited success

by DIRECTV, an award of attorney's fees of $12,280, or 50% of the loadstar amount, is

reasonable compensation.  This amount, although about 10 times greater than the damages

awarded, is reasonable given the complexities of proving satellite signal piracy and the failure

of Mr. Walsh to cooperate in the litigation process.

DIRECTV attempts to justify an award of fees requested in its motion by pointing to the

substantial costs incurred by DIRECTV in its nationwide anti-piracy efforts.  (See DIRECTV's

Brief in Support of Motion for Attorney's Fees and Taxable and Non-taxable Costs, Dkt. Entry

87, at 10-12.)  The Court is not unmindful of the harm caused by piracy.  It cannot be seriously

contended, however, that the enormous costs incurred by DIRECTV's anti-piracy efforts justify

a fee award that is 20 times greater than the damages recovered from a single violator who

possess an access device for a brief period of time.  To be sure, federal statutes like 47 U.S.C.

§ 605, provide for a mandatory (or discretionary) award of attorney's fees to the prevailing

party.  However, that award is limited to a reasonable attorney's fee, which in this case is

$12,280.00.  Anything more would exceed what DIRECTV is entitled to.

DIRECTV argues that Mr. Walsh's conduct, such as his failure to cooperate in

discovery, failure to settle the case, and destruction of evidence, justify the amount sought by

DIRECTV.  (See DIRECTV's Brief in Support of Motion for Attorney's Fees and Taxable and

Non-taxable Costs, Dkt. Entry 87, at 9-10.)  This argument is persuasive, but only to a point.

Mr. Walsh is correct that after he obtained a new attorney, he did cooperate with discovery.

The effect his earlier failure to cooperate with discovery had on DIRECTV's attorney's fees had on DIRECTV's attorney's fees is slight compared to the amount DIRECTV is seeking.  Moreover, because of Mr. Walsh's conduct, he was barred from opposing DIRECTV's claims; if anything, DIRECTV's fees should have <u>decreased</u> with the elimination of Mr. Walsh's opposition.

Accordingly, DIRECTV shall be awarded a reasonable attorney's fee of $12,280.00.

### B. <u>Litigation Costs</u>

DIRECTV has also sought an award of litigation costs pursuant to 47 U..S.C. § 605(e)(3)(B)(iii), in which a court "shall direct the recovery of full costs . . . to an aggrieved party who prevails."  DIRECTV is seeking $10,375.03 in costs.  Mr. Walsh argues that certain costs that are part of normal office overhead, such as photocopying, postage, and telephone calls, should not be recoverable.  However, under the plain wording of the statute, DIRECTV may recover its <u>full</u> costs.  <u>See, e.g.</u>, <u>DIRECTV, Inc. v. Eyssa</u>, No. 03-680-HO, 2005 WL 1923388, at *2 (D. Or. Aug. 9, 2005) (allowing recovery of costs incurred for "photocopying, express mail, long distance telephone charges[,] and a fee for an address search" where the plaintiff provided adequate documentation).  The Court will deduct costs sought by Mr. Marcoline that were incurred when the additional Defendants were involved in this case.  Because Mr. Marcoline did not allocate the costs to a particular Defendant, those costs will be eliminated.  The amount of the reduction is $234.88.  (<u>See</u> Ex. 1-b, Dkt. Entry 86, at 2; Ex. 1-c, Dkt. Entry 86, at 2; Ex. 1-d, Dkt. Entry, at 3; Ex. 1-e, Dkt. Entry 86, at 4; Ex. 1-f, Dkt. Entry 86, at 3.)  Therefore, DIRECTV

shall be paid litigation costs of $10,140.15.

## III. <u>CONCLUSION</u>

Based upon the foregoing, DIRECTV's motion will be granted in part and denied in part.

Mr. Walsh shall pay DIRECTV its reasonable attorney's fees of $12,280.00, and shall pay

DIRECTV its litigation costs of $10,140.15.  An appropriate Order follows.

<u>**s/ Thomas I. Vanaskie**</u>
Thomas I. Vanaskie
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIRECTV, Inc.,                          :
                                        :
       **Plaintiff**                  :
                                        :        **3:03-CV-072**
   **v.**                              :
                                        :        **(JUDGE VANASKIE)**
WILLIAM WALSH,                          :
                                        :
       **Defendant**                 :

### ORDER

**NOW, THIS 12th DAY OF OCTOBER, 2006,** for the reasons set forth in the foregoing

Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's  Motion for Attorney's Fees and Taxable and Non-Taxable Costs (Dkt. Entry

86) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a) Defendant shall pay Plaintiff $12,280.00 for attorney's fees; and

    b) Defendant shall pay Plaintiff $10,140.15 for costs incurred in pursuing this

litigation.


                           **s/ Thomas I. Vanaskie**
                           Thomas I. Vanaskie
                           United States District Judge